Joseph P. Pfingst, J.
Suffolk Chapter, 'Civil Service Employees Association, the petitioner in this article 78 proceeding, is the exclusive bargaining agent for all employees of the Town of Islip. It seeks a judgment annulling the determination of the Public Employment Relations Board insofar as that determination creates a 11 white collar ’ ’ negotiating unit for certain employees of the town and orders an election to determine which employee organization shall represent the employees in such unit.
Petitioner urges that the board’s determination was arbitrary, capricious and illegal in that it was unlawful to order an election for such unit at the request of Local 620 of the American Federation of State, County and Municipal Employees, AFL-CIO, since no proper ‘1 showing of interest ’ ’ had been made by *404 such local pursuant to the board’s rules; that rule 201.4 of the Public Employment Relations Board (4 NYCRR 201.4) (which delegates to its Director of Public Employment Practices and Representation the exclusive authority to pass upon the sufficiency of a showing of interest) is an unlawful delegation of the board’s powers to the director; and that the board had no authority to create a “white collar ” negotiating unit and to order an election for such unit since no petition had been filed requesting such action.
On the record before me, I find that the Public Employment Relations Board’s determination must be confirmed.
Section 207 of the Civil Service Law authorizes the board “ for purposes of resolving disputes concerning representation status ” to “2. ascertain the public employees’ choice of employee organization as their representative * * * on the basis of dues deduction authorization and other evidences, or, if necessary, by conducting an election.” Section 205 (subd. 5, par. [a]) authorizes the board “ to establish procedures * * * to resolve disputes concerning the representation status of employee organizations ”, the only statutory caveat being that such procedures shall be “ consistent with the provisions of section two hundred seven of this article ”.
Section 205 (subd. 5, par. [b]) authorizes Public Employment Relations Board to “ resolve, pursuant to such procedures, disputes concerning the representation status of employee organizations * * * upon request of any employee organization”.
There is nothing in those sections, or elsewhere in the act, which purports to make proof of a substantial interest on the part of an employee organization an essential element in determining whether an election is necessary to resolve a representation question.
The board’s rule 201.3, which requires a 10% “ showing of interest ” by an employee organization in support of a claim for certification or decertification is clearly an administrative device designed to avoid needless dissipation of the Public Employment Relations Board’s resources on frivolous representation claims.
It follows, therefore, that rule 201.4, which confers upon the Director of Representation the power to pass upon the sufficiency of the showing of interest and which precludes litigation of that question at the hearing or before the board itself, does not constitute an unlawful delegation of the board’s authority. In National Labor Relations Bd. v. Case Co. (201 F. 2d 597, 600), in a situation arising under the National Labor Relations *405 Act, the court pointed out that: “no statutory purpose would be served by requiring formal proof at the hearing of the substantiality of the Union’s claim to representation or by permitting the contending parties to litigate such issue at the hearing. Among other undesirable consequences, a trial of that nature would bring about disclosure of the individual employees’ desires with respect to representation and would violate the long-established policy of secrecy of the employees’ choice in such matters. As said by the Board in the case quoted from in footnote 3, supra, 6 it is the election * * * which decides the substantive issue whether or not the [union] or another labor organization, if any, actually represents a majority of the employees involved in a representation case.’ ”
Bules 201.3 and 201.4 of the Public Employment Belations Board are intended to serve substantially the same purpose as the informal “ showing of interest ” rules of the National Labor Belations Board under section 9 (subd. [c], par. [1]) of the National Labor Belations Act (U. S. Code, tit. 29, § 159) and the rationale of the foregoing case applies with equal force here. Petitioner’s claim to relief based upon an allegedly insufficient showing of interest and lack of opportunity to litigate the same cannot, therefore, be sustained.
Petitioner’s remaining claim, i.e. — that it was unlawful for the board to create a ‘ ‘ white collar ’ ’ negotiating unit and to order an election therefor since no petition had been filed requesting such relief — is without merit. It ignores the fact that this proceeding was initiated by a petition filed by Teamster Local 237 which sought the creation of a “ blue collar ’ ’ negotiating unit and an election to determine the choice of the employees in such unit with respect to representation. That application was granted and the decision to that effect is not contested in this article 78 proceeding. A de facto “white collar” unit was therefore created as a result of the granting of the Teamster’s application for the creation of a “ blue collar ’ ’ unit.
Local 620 of American Federation of State, County and Municipal Employees intervened in the proceeding initiated by the teamster petition. The petitioner in this proceeding indicated on the record that it had no objection to the intervention, “providing there is a proper showing of interest.” Such a showing was made to the satisfaction of the Director of Bepresentation in accordance with the board’s rules. Local 620, therefore, became a party to the proceeding for all purposes, and it was upon Local 620’s request supported by a showing of interest satisfactory to the Director of Public Employment *406 Practices and Representation and upon the evidence introduced at the hearing, that an election was ordered to be held. That election when held will determine the employees’ choice of representatives. No substantial right of the petitioner has been violated either by the determination sought to be annulled or by the procedures followed by the Public Employment Relations Board in reaching such determination.
This proceeding is therefore dismissed.